Citation Nr: 1702645 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 13-05 720 ) DATE
 )
 )

Received from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUE

Entitlement to an initial compensable disability rating for a skin disability manifested by boils, abscesses, and furuncles, also claimed as staph infection.


REPRESENTATION

Appellant represented by: AMVETS


ATTORNEY FOR THE BOARD

A. Hampton, Associate Counsel






INTRODUCTION

The Veteran served on active duty from June 1984 to September 1992 and from September 2004 to May 2005.

This case comes before the Board of Veterans' Appeals (Board) on appeal of a December 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California. Jurisdiction over the claim was subsequently transferred to the RO in Oakland, California.

When this case was before the Board in August 2013, it was remanded for additional development. The case is now again before the Board for further appellate action.

The Board notes the Veteran's claims for service connection for bilateral hearing loss and tinnitus were also remanded by the Board in August 2013. In a July 2016 rating decision, the claims were granted. The grants of service connection constitute full grants of the benefits sought, and as such, the claims are no longer in appellate status.

The record before the Board consists of electronic records within Virtual VA and the Veterans Benefits Management System.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).


REMAND

In its August 2013 remand, the Board noted the Veteran had not been afforded a VA examination to assess the severity of his service-connected skin disability. As such, the Board instructed the RO to schedule the Veteran for an examination.

The record shows the Veteran has been intermittently homeless throughout the period of the claim. A copy of the Board's August 2013 remand sent to the Veteran was returned to VA as undeliverable, as were several items of mail sent subsequently.

On March 18, 2016, the Veteran informed VA he was homeless, and requested any examinations be scheduled in the Sacramento area. Notwithstanding this communication, the RO sent a letter to the Veteran's former address on March 21, 2016, informing him he would be contacted by a VA facility regarding the date, time, and location of his examination.

A VA skin examination was subsequently requested by the RO on May 3, 2016. However, no indication appears in the record the Veteran was notified, and, unsurprisingly, he failed to confirm his attendance and the examination was cancelled. 

In a September 2016 statement, the Veteran indicated he remained homeless. In a December 2016 correspondence, his representative noted his homelessness and requested his VA examination be rescheduled.

The Board notes that VA's duty to assist a veteran in developing the facts and evidence pertinent to his or her claim is not a one-way street. See Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). It is the responsibility of veterans to cooperate with VA. See Caffrey v. Brown, 6 Vet. App. 377, 383 (1994); Olson v. Principi, 3 Vet. App. 480, 483 (1992). 

Upon a review of the foregoing facts, however, the Board finds that good cause has been shown for the Veteran's failure to report to his VA examination. Accordingly, an additional remand is warranted so the Veteran may be afforded a VA examination to assess the severity of his service-connected skin disability. In this regard, all necessary development must be undertaken to determine an appropriate means of contacting the Veteran, and documentation that he was notified of the date, time, and location of his examination must be associated with the record.


Accordingly, this case is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Undertake appropriate development to obtain any outstanding records pertinent to the Veteran's claim. If any requested records are not available, the record should be annotated to reflect such and the Veteran notified in accordance with 38 C.F.R. § 3.159(e).

2. Then, afford the Veteran a VA examination to determine the current severity of his service-connected skin disability. All pertinent evidence of record must be made available to and reviewed by the examiner. Any indicated tests and studies should be performed.

The examiner must provide a rationale for any proffered opinion. If the examiner is unable to provide any required opinion, he or she should explain why. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation as to why this is so. If the inability to provide a more definitive opinion is the result of a need for additional information, the examiner should identify the additional information that is needed.

All necessary development to determine an appropriate method for contacting the Veteran must be undertaken, and he must be provided written notice of the date, time, and location of his examination. Documentation showing the Veteran was notified must be associated with the record.

3. Notify the Veteran that it is his responsibility to report for any examination scheduled, and to cooperate in the development of his claim. He must be notified that the consequences for failure to report for a VA examination without good cause may include denial of the claim.

4. Undertake any other development determined to be warranted.

5. Then, readjudicate the issue on appeal. If the benefit sought on appeal is not granted to the Veteran's satisfaction, the Veteran and his representative should be furnished an appropriate supplemental statement of the case and be afforded the requisite opportunity to respond. Thereafter, the case should be returned to the Board for further appellate action.

By this remand, the Board intimates no opinion as to any final outcome warranted.

The Veteran need take no action until he is otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This REMAND must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).








_________________________________________________
KELLI A. KORDICH
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).